UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHRAF AHMED,<br><br>         Plaintiff,<br><br> - against -<br><br>CITY UNIVERSITY OF NEW YORK,<br><br>         Defendant. | 13-cv-8082 (RJS)<br><br>**ANSWER** |

  Defendant the City University of New York ("CUNY" or "Defendant"), by its attorney, Eric T. Schneiderman, Attorney General of the State of New York, for its Answer to the First Amended Complaint, dated March 10, 2014, (Docket No. 22) (the "Amended Complaint") of plaintiff Ashraf Ahmed ("Plaintiff"), states as follows:

  Defendant denies the allegations contained in each unnumbered paragraph and heading contained in the Amended Complaint, except admits that the Amended Complaint purports to set forth a claim against Defendant.

  Defendant denies any allegations in the Amended Complaint that are not specifically addressed herein. This Answer is based upon information currently available to Defendant, and Defendant reserves the right to supplement or amend the Answer as needed.

  1. Defendant denies the allegations in paragraph 1 of the Amended Complaint, except admits that Plaintiff is a former employee of CUNY, admits that Plaintiff purports to bring a claim in this action against Defendant for employment discrimination, and denies that such claim has any legal or factual merit.

  2. Defendant denies the allegations in paragraph 2 of the Amended Complaint, except admits that, by letter dated April 23, 2012, Plaintiff was informed that CUNY would not appoint him as an Administrative Non-Teaching Adjunct at the College of Staten Island ("CSI")

for the Fall 2012 semester, and respectfully refers the Court to that letter for a complete and accurate statement of its contents, and admits that Plaintiff purports to bring a claim in this action against Defendant, and denies that such claim has any legal or factual merit.

      3.      With respect to paragraph 3 of the Amended Complaint, Defendant admits that the Amended Complaint purports to seek the relief stated therein but denies that Plaintiff is entitled to any such relief.

      4.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint, except admits that Plaintiff is a former part-time CUNY employee.

      5.      Paragraph 5 of the Amended Complaint alleges legal conclusions as to which no response is required.  To the extent any response is required, Defendant denies the allegations in paragraph 5, except admits that Plaintiff is a former part-time employee of CUNY and that CUNY is an instrumentality of the State of New York.

      6.      Paragraph 6 of the Amended Complaint alleges legal conclusions as to which no response is required.  To the extent any response is required, Defendant denies the allegations in paragraph 6, except admits that Plaintiff purports to invoke the jurisdiction of this Court under the statutory provisions cited therein.

      7.      Paragraph 7 of the Amended Complaint alleges legal conclusions as to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 7, except admits that Plaintiff purports to assert venue in this Court under the statutory provision cited therein, admits that CUNY's central administrative office is located in the Southern District of New York, and affirmatively states that CSI, the senior college of CUNY at which Plaintiff was employed, is located in the Eastern District of New York.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint, except admits that Plaintiff filed a complaint against CUNY, CSI, Paulette Brower-Garrett (as Paulette Brower-Garret), and William Fritz with the New York City Commission on Human Rights ("the NYCCHR"), admits that Plaintiff purports to allege a claim against Defendant in the Amended Complaint, and denies that such claim has any legal or factual merit.

9. Defendant denies the allegations in paragraph 9 of the Amended Complaint except admits that the complaint filed by Plaintiff was dismissed by the NYCCHR.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Amended Complaint, except admits that the U.S. Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights to Plaintiff and respectfully refers the Court to that document for a complete and accurate statement of its contents.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Amended Complaint.

12. Defendant denies the allegations in paragraph 12 of the Amended Complaint, except admits that Plaintiff is a former part-time CUNY employee at CSI, admits that during all or virtually all of the time Plaintiff worked at CSI he was assigned to the Evening and Weekend Services unit, which was merged with the Center for Advising and Academic Success (formerly the Office of Academic Advisement) ("CAAS") in or around 2009, and admits that Plaintiff was assigned work and had his work performance reviewed and discussed with him by his supervisors during this employment.

13. Paragraph 13 of the Amended Complaint alleges legal conclusions as to which no

response is required. To the extent any response is required, Defendant denies the allegations in paragraph 13, except admits that CUNY engages in educational activities and has more than 100 employees.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint, except admits upon information and belief that, in the course of his employment at CSI, Plaintiff used, among other things, books, pencils, pens, telephones, computers, and the mail.

15. Defendant denies the allegations in paragraph 15 of the Amended Complaint, excepts admits that (a) in his position as a Non-Teaching Adjunct in the Evening and Weekend Services unit of CAAS, Plaintiff's duties included academic advisement for current and incoming CSI students, notifying Public Safety of class cancellations, responding to classroom/campus emergencies if requested, assisting Evening/Weekend faculty and staff (either in person or by telephone), providing information on CSI policies and procedures upon request, making referrals to other CSI services as needed, and other duties as assigned; (b) this position directly reported to the Coordinator of Evening/Weekend Services at CAAS; and (c) the position was part-time and the work hours were generally Sundays 11am-3pm and Tuesdays 5pm-8pm when classes were in session, but varied based on academic calendar and operational needs.

16. Defendant denies the allegations in paragraph 16 of the Amended Complaint.

17. Defendant denies the allegations in paragraph 17 of the Amended Complaint, except admits that in or around March 2012 CAAS began using PDF versions of its Academic Advising forms, which were completed by inputting the information onto the form by computer rather than by hand.

18. Defendant denies the allegations in paragraph 18 of the Amended Complaint,

4

except admits that Ms. Brower-Garrett and others at CSI, at various times, advised Plaintiff of many substantive errors he had made in undertaking his advisement duties while employed at CAAS.

19.     Defendant denies the allegations in paragraph 19 of the Amended Complaint, except admits that the substantive errors that Plaintiff had made in undertaking his advisement duties while employed at CAAS included errors related to advisement stops and advising students to register for courses that did not fulfill requirements, and admits that, as CAAS conducted a review during its transition to keeping electronic records of Academic Advising forms, errors made by Plaintiff in undertaking his employment duties became apparent.

20.     Defendant denies the allegations in paragraph 20 of the Amended Complaint, except admits that, by letter dated April 23, 2012, Plaintiff was informed that CUNY would not appoint him as an Administrative Non-Teaching Adjunct at the CSI for the Fall 2012 semester, and respectfully refers the Court to that letter for a complete and accurate statement of its contents

21.     Defendant denies the allegations in paragraph 21 of the Amended Complaint, except admits that, at several points in time, reminders about proper procedure with respect to Academic Advising forms were sent to the staff at CAAS.

22.     Defendant denies the allegations in paragraph 22 of the Amended Complaint, except admits that Plaintiff sent e-mails to Ms. Brower-Garrett and others at CSI dated March 21, 2012 and April 11, 2012, and respectfully refers the Court to those e-mails for a complete and accurate statement of their contents.

23.     Defendant denies the allegations in paragraph 23 of the Amended Complaint.

24.     Defendant denies the allegations in paragraph 24 of the Amended Complaint.

25. Defendant denies the allegations in paragraph 25 of the Amended Complaint.

26. Defendant denies the allegations in paragraph 26 of the Amended Complaint.

27. Defendant denies the allegations in paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations in paragraph 28 of the Amended Complaint.

29. With respect to paragraph 29 of the Amended Complaint, Defendant repeats and realleges the responses in paragraphs 1 through 28 of this Answer.

30. Paragraph 30 contains no factual allegations but alleges only legal conclusions as to which no response is required. To the extent any response is required, Defendant denies the allegations in paragraph 30 of the Amended Complaint, and respectfully refers the Court to the cited statutory provision and the case law and other authorities and sources interpreting it.

31. Defendant denies the allegations in paragraph 31 of the Amended Complaint.

32. Defendant denies the allegations in paragraph 32 of the Amended Complaint.

33. Defendant denies the allegations in paragraph 33 of the Amended Complaint.

34. With respect to paragraph 34 of the Amended Complaint, the "Prayer for Relief" on page 4 of the Amended Complaint, and the "Wherefore" clause on page 5 of the Amended Complaint, Defendant admits that the Amended Complaint purports to seek the relief stated therein but denies that Plaintiff is entitled to any such relief.

**Additional Defenses**

For further and separate defenses to the causes of action alleged by Plaintiff in the Amended Complaint, and without admitting that Defendant has the burden of proof on any fact, issue, element of a cause of action, or any of these matters, or that anything stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegations, Defendant alleges as follows.  Defendant reserves the right to amend these defenses and to assert additional defenses to the full extent permitted by law.

**FIRST ADDITIONAL DEFENSE**

The Amended Complaint fails to state any claim upon which relief may be granted.

**SECOND ADDITIONAL DEFENSE**

Venue is not proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3).

**THIRD ADDITIONAL DEFENSE**

Plaintiff's claim against Defendant is barred by the applicable statutes of limitations, including the 90-day filing requirement of 42 U.S.C. § 2000e-5(f)(1).

**FOURTH ADDITIONAL DEFENSE**

All decisions made by Defendant with respect to Plaintiff were made for legitimate, non-discriminatory reasons.

**FIFTH ADDITIONAL DEFENSE**

Plaintiff has not suffered any compensable damages as a result of the alleged conduct of Defendant.

**SIXTH ADDITIONAL DEFENSE**

Any injuries or damages alleged in the Amended Complaint were caused, in whole or in part, by Plaintiff's own culpable or negligent conduct.

### SEVENTH ADDITIONAL DEFENSE

Plaintiff's claims for damages are barred to the extent that she has failed to mitigate.

### EIGHTH ADDITIONAL DEFENSE

Some or all of the relief requested by Plaintiff is not available under the applicable statutes and causes of action.

### NINTH ADDITIONAL DEFENSE

The Amended Complaint fails to allege an adequate basis upon which Plaintiff could receive declaratory and/or injunctive relief.

### TENTH ADDITIONAL DEFENSE

The Amended Complaint fails to allege an adequate basis upon which Plaintiff could recover costs, expenses, and/or attorneys' fees.

### ELEVENTH ADDITIONAL DEFENSE

Plaintiff's claim are barred by his failure to exhaust available administrative remedies.

### TWELFTH ADDITIONAL DEFENSE

Plaintiff's claim are barred in this Court for lack of subject matter jurisdiction.

### THIRTEENTH ADDITIONAL DEFENSE

Notwithstanding Plaintiff's contention that an impermissible consideration was a factor in the challenged employment actions, which Defendant denies, Defendant would have taken the same employment actions in connection with Plaintiff regardless of whether or not any impermissible consideration was a motivating factor.

WHEREFORE, Defendant requests that the Court enter judgment in favor of Defendant and dismiss the Amended Complaint in its entirety with prejudice, together with attorneys' fees and costs and such other relief as the Court deems just and proper.

Dated: New York, New York
April 4, 2014

> ERIC T. SCHNEIDERMAN
> Attorney General of the State of New York
> *Attorney for Defendant*
> By:
> /s/ *William J. Taylor, Jr.*
> William J. Taylor, Jr.
> Assistant Attorney General
> 120 Broadway, 24th Floor
> New York, New York 10271
> (212) 416-8426
> william.taylor@ag.ny.gov